26515. PURVIS v. CONNELL.

SUBMITTED MAY 10, 1971—DECIDED JULY 9, 1971.

*Jack W. Carter,* for appellant.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal is from the denial of a petition for the writ of habeas corpus in which the petitioner Duane Purvis

alleged that his detention by the respondent D. J. Connell, as Sheriff of Cook County, was illegal. Petitioner averred that the sentences under which he was being held were illegal in that he entered pleas of guilty to two indictments for passing fraudulent checks without being properly advised of his constitutional rights, without the advice or offer of legal counsel; that the pleas were signed outside the courtroom and not in open court; and that he has not waived any of his constitutional rights and insists thereon.

No answer was filed by the respondent.

The testimony of the petitioner, insofar as material here, was substantially the following: that he signed the indictments and guilty pleas in the court library; that the trial judge was not present when he signed them; that no transcript of the record was prepared to show what had transpired; that he was not at that time represented by an attorney, but wanted one; that he was not advised of his constitutional rights by the presiding judge or the district attorney; that he had been in jail for seven days on a peace warrant obtained by his former wife before pleading guilty to giving the checks, and was out on bail as to them; and that when he was taken to the library he thought it was to be for a hearing on the peace warrant and that he was going to get out of jail if he would plead guilty on these two indictments; that after he was sentenced to two 12-month consecutive periods of confinement on the guilty pleas and returned to jail he retained an attorney and filed this petition for habeas corpus.

The respondent offered no testimony to refute the petitioner's testimony.

However, the judge in the habeas corpus proceeding entered an order which, after recounting the events leading up to the hearing, in essence made the following findings: that the petitioner earlier during the November term of court appeared before him; that the judge then "explained his rights" to him; that the judge then let him out on his own recognizance; that he appeared later before the judge with these pleas of guilty and was sentenced during the November term; that at the time of sentence he did not ask the judge or state that he desired to change his pleas to not guilty; and that had he done so the judge would have vacated the

judgment and entered pleas of not guilty; that it is now the February term of court and that under the law the judge cannot then change the sentence. The order stated that the court concluded that petitioner's detention was legal and remanded him to his custodian.

The petitioner appeals from this judgment.

In the view that we take it is not necessary to consider petitioner's contentions as to not having legal counsel when the guilty pleas were entered and as to such pleas not being entered in open court.

Instead, we deal with the underlying issues as to whether the pleas were entered intelligently and voluntarily in accordance with the rule set forth in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274).

There the Supreme Court of the United States, in dealing with a conviction for armed robberies, held that "it was error, plain on the face of the record, for the judge to accept the petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." P. 242.

It declared that, "In Carnley v. Cochran, 369 U. S. 506, 516 [82 SC 884, 8 LE2d 70], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: *Presuming waiver from a silent record is impermissible.* The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.' We think that the same standard must be applied to determining whether a guilty plea is voluntarily made." (Emphasis supplied). P. 242.

It is also said that "what is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in *canvassing the matter with the accused* to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges this function, he leaves a record adequate for any review that may be later sought." (Emphasis supplied). P. 243.

It is clear from the majority Boykin opinion and also from its dissenting opinion that a state trial judge, in accepting a plea of

guilty, now has the same duty in this respect that a federal trial judge has under Rule 11 of the Federal Rules of Criminal Procedure. That rule, in essential part, is as follows: "The court . . . shall not accept [a plea of guilty] without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

We are aware of cases in this state holding that since there is a presumption in favor of the validity of a sentence under *Code* § 38-114, especially where based on a plea of guilty, the burden of overcoming this is upon the prisoner. See, e. g., *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833); *Sharpe v. Smith,* 225 Ga. 52 (6) (165 SE2d 656). However, this presumption can no longer be indulged with the advent of the Boykin case, 395 U. S. 238, supra.

The application which we make here of that decision is prospective, since it was decided in 1969 and the sentencing complained of took place in 1970. The rule in that case is not to be given retroactive application. Hughes v. Rundle, 419 F2d 116, 118 (3); Fear v. Commonwealth of Pennsylvania, 423 F2d 55 (1); Del Piano v. United States, 427 F2d 1156; Rogers v. Adams, 435 F2d 1372.

In *Laidler v. Smith,* 227 Ga. 759, we pointed out that the Boykin case, 395 U. S. 238, was not applicable there since it is not to be given retroactive effect. Also we held there that the trial judge's failure to question the defendant was harmless and not erroneous because the evidence authorized the finding that the plea was in fact voluntarily and knowingly entered.

However, in the case at bar there is no affirmative showing that the pleas of guilty were entered intelligently and voluntarily.

Indeed, the only evidence, that of the petitioner, is to the contrary, as may be seen from the following testimony given on the habeas corpus hearing. "Q. All right, Mr. Purvis, I want you to explain to us how it came about . . . that you entered two pleas of guilty on the indictments. A. Well, I had been there seven days on the peace warrant. They wouldn't give me a hearing, and I had to get to see somebody, and they said they'd do something about the peace warrant if I'd come in and see the judge. The solicitor, I be-

lieve he'll testify that he told me he would do something about the peace warrant. Q. He said he would do something about the peace warrant? A. That's right. Q. If you'd do what? A. If I would come in before the judge here. Q. And if you'd go ahead and sign those two pleas of guilty? Is that right? A. That's what it amounted to."

Furthermore, the recitals incorporated in the habeas corpus judgment, of course, do not satisfy the requirements of the Boykin case, 395 U. S. 238, supra, as to the necessity for an affirmative showing that the pleas were entered intelligently and voluntarily. The mere recital there by the habeas corpus judge, who had also been the sentencing judge, that prior to sentence he "explained his rights" to the petitioner is not in compliance with the duty laid down in the Boykin case and contemplated in Rule 11 of the Federal Rules of Criminal Procedure, supra. Such recital by him cannot be considered as evidence in the habeas corpus hearing over which he was presiding.

In view of the foregoing, we conclude that since the pleas were not shown to have been intelligently and voluntarily entered, the sentences under which the petitioner is serving are invalid and therefore his detention is unlawful. Accordingly, the judgment remanding him to custody is reversed with direction that the pleas of guilty and sentences be vacated and that further proceedings be not inconsistent with this opinion.

*Judgment reversed with direction. All the Justices concur.*