## 27798. HUFF v. BARNETT.

UNDERCOFLER, Justice. This is a habeas corpus proceeding. The issue here is whether the trial court may accept a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with an understanding of the nature of the charge and consequences of the plea and entering the same of record for any review that may be later sought. Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). In the instant case it was stipulated that the trial court gave no precautionary instruction of any kind to the defendant at the time the guilty plea in issue here was entered. The habeas corpus judge granted the petition and vacated the guilty plea and sentence thereon. *Held:*

We reverse the habeas corpus court. The record in that court shows that the defendant in the trial court was represented by counsel who advised her of all of her rights and the consequences of entering a guilty plea, after which she elected to enter the plea. This evidence was not refuted by the petitioner. The evidence shows that the plea was voluntarily and knowingly entered. Therefore, the trial judge's failure to question the petitioner and to make a record thereof was harmless. *Laidler v. Smith,* 227 Ga. 759 (2) (182 SE2d 891); *Purvis v. Connell,* 227 Ga. 764, 767 (182 SE2d 892); *Grant v. Ault,* 228 Ga. 864 (188 SE2d 799); *Williams v. Caldwell,* 229 Ga. 453 (1) (192 SE2d 378).

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MARCH 12, 1973 — DECIDED APRIL 13, 1973.

*Ken Stula, Solicitor,* for appellant.

GUNTER, Justice, dissenting. This habeas corpus case

involves the review of a plea of guilty to determine whether it was voluntarily and intelligently entered. It was stipulated that the trial judge gave no precautionary instruction of any kind to the defendant at the time the plea of guilty was entered. The record in the trial court where the guilty plea was accepted is silent with respect to whether the plea was voluntarily and intelligently made.

The plea of guilty in this case was entered in 1972, subsequent to the decision of the Supreme Court of the United States in Boykin v. Alabama, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1968). In that case the Supreme Court of the United States held that: "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. . . The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. . . The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards."

As I read Boykin, it requires that in all trial courts where pleas of guilty are accepted, a record must be made at the time of the acceptance of the plea which shows that the plea was voluntarily and intelligently entered. Anything less is not an effective waiver of federal constitutional rights.

Nevertheless, the majority of this court today holds that where the record in the guilty-plea court is silent concerning waiver, and where it is stipulated that the judge in the guilty-plea court gave no precautionary instruction of any kind to the defendant who entered the guilty plea, that a showing by the State at a hearing conducted many months or even years after the entry of the guilty plea that such plea was voluntarily and intelligently entered by the defendant is sufficient to comply with due process.

I believe that the ruling in Boykin was intended to eliminate any need to resort to a later fact-finding proceeding in a habeas corpus court or elsewhere to determine whether the plea was voluntarily and intelligently entered. As the Supreme Court of the United States said in McCarthy v. United States, 394 U. S. 459, 470 (89 SC 1166, 22 LE2d 418) (1968): "There is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant's understanding of the nature of the charge against him."

Since Boykin I believe that the record in the Court accepting a plea of guilty must affirmatively show that there was a constitutional waiver at that time. I do not believe that a constitutional waiver at the time the plea was entered can be shown by extraneous evidence at a hearing conducted for that purpose many months or years after the entry of the plea of guilty.

In his concurring opinion in Santabello v. New York, 404 U. S. 257 (92 SC 495, 30 LE2d 427) (1971), Mr. Justice Douglas said: "All trial courts are now required to interrogate the defendants who enter guilty pleas so that the waiver of these fundamental rights will affirmatively appear in the record. McCarthy v. United States, 394 U. S. 459; Boykin v. Alabama, 395 U. S. 238."

I would affirm the judgment below.

I respectfully dissent.