### 28638. BAILEY v. BAKER.

HALL, Justice.

This is an appeal from the denial of a habeas corpus petition. Petitioner Bailey in September, 1970, entered a plea of guilty to a charge of aggravated assault with intent to murder, and she was sentenced to serve 10 years on probation and to make restitution of $3,000. On October 11, 1973, Bailey's probation was revoked and she was imprisoned to serve the remainder of her sentence. Her habeas corpus petition followed, on the central allegation that her guilty plea was void because the court in accepting the plea subsequent to the decision date of Boykin v. Alabama, 395 U. S. 238, 239 (89 SC 1709, 23 LE2d 274), failed to comply with Boykin's requirement that the defendant be instructed on the record concerning what the plea connoted and its consequences. In support of her petition she submitted the affidavit of the official county court reporter that his search of the records showed that no one inquired on the record into the voluntariness of the plea and that on that date it was not the custom in the Superior Court of Gordon County to report or record any inquiries or warnings given to the accused by the trial judge or anyone acting for him. Petitioner also submitted her own affidavit to the effect that she believed she acted in self defense, she wanted a jury trial, and did not desire to plead guilty; and that neither the trial judge nor the district attorney inquired into whether she understood the charge, the minimum and maximum sentences, and the trial and appeal rights a guilty plea would waive; and that only some time later, upon inquiry of the court clerk, did she learn that she had entered a guilty plea and been sentenced to probation.

An evidentiary hearing was held upon her petition and, over repeated objections of her attorney at the hearing, the attorney who represented her when she

entered the plea testified that he had communicated to her what a plea of guilty would entail; that she had been inclined to think that his projection of the court's probable sentence upon the plea was too severe; that he told her that she had the right to go to trial and advised her concerning what sentence the jury might impose; that she pleaded guilty and received the sentence he told her such a plea would probably produce. Also over objection, the probation officer to whom she was assigned and who was present at the entry of the plea testified that he had explained the meaning of the sentence to her immediately after it was imposed; had explained the conditions of her parole; and that she had signed in his presence the order of probation certifying that she understood the conditions of her parole.

The habeas corpus court denied her petition and remanded her to custody without written opinion, and this appeal followed raising five enumerations of error.

1. Enumeration 1, claiming that petitioner's oral motion for judgment on the pleadings should have been granted for failure of the state to respond to the petition within 20 days as required by Code Ann. § 50-127 (6) is without merit. Petitioner alleges no specific prejudice to her from the state's procedural error, and, in any event, "disobedience of a respondent to a writ requiring him to answer within a stated time may subject him to punishment for contempt but it does not require release of the prisoner." *Beavers v. Smith,* 227 Ga. 344, 345 (180 SE2d 717).

2. (a) Petitioner's Enumeration 2 raises a point not heretofore decided by this court: Whether the lower court erred in admitting the testimony of her former attorney concerning the information he gave her regarding a guilty plea, over her objection that such testimony violated the attorney-client privilege, Code § 38-419. Petitioner emphasizes that she had made no claim of professional misconduct or incompetence of representation such as was made in *Peppers v. Balkcom,* 218 Ga. 749, 751 (130 SE2d 709), and urges that therefore she may not be held to have waived her claim to the privilege.

In United States v. Woodall, 438 F2d 1317 (5th Cir.

1970) the Fifth Circuit considered a claim of attorney-client privilege in similar circumstances where there was no claim of misconduct or incompetent representation, and ruled that a habeas corpus petitioner cannot claim that he was not informed of the sentence consequences of a guilty plea, and then invoke the privilege to prevent the attorney from testifying. The court gave a dual ground for its decision, one ground being that petitioner there testified about communication with the attorney to such an extent that waiver occurred sufficient to allow the attorney to testify to the whole transaction. We do not have that situation in Bailey's appeal. But the Fifth Circuit had another ground for its result, based upon concepts of fairness and justice. Paraphrasing Wigmore on Evidence, the court wrote, "It [Wigmore's treatise] notes that waiver by implication involves two basic elements. The first is subjective—does the person holding the right to claim the privilege intend to waive it? The second element is objective—Is it fair and consistent with the assertion of the claim or defense being made to allow the privilege to be invoked? This objective determination should be based upon whether the position taken by the party goes so far into the matter covered by the privilege that fairness requires the privilege shall cease even when, subjectively, he never intended that result." Id. p. 1324. Concluding its discussion, the court wrote (p. 1326): "Courts earnestly pursuing reality would be hard put to justify a rule that would allow a defendant . . . to assert that his solemn pleas of guilty were negated for lack of accurate information of sentence con-sequences, then permit him to run a procedural trap play that would block the development of the plain truth which shows his own attorney told him exactly what he could expect. Not only does this specious sophistry fail to protect confidential relationships, it trifles with the truth—it scoffs at justice—and we reject it flatly."

We reject it also.

(b) Petitioner attacks the admission of this testimony on the further ground that it was irrelevant and immaterial, because under Boykin v. Alabama, only the trial judge is the proper person to instruct petitioner and warn her concerning entry of the plea. We note that

she nowhere claims that the *attorney* failed to advise her, thus taking in her petition a position consistent with the claim here that his testimony is irrelevant. We reject this claim also, for reasons further stated in Division 4 hereof. Even though the record shows no inquiry by the trial judge, we may look at the evidence adduced upon the hearing concerning other sources of knowledge and information made available to her, upon the basis of which to determine whether she voluntarily and intelligently entered the plea.

There is no merit in this enumeration.

3. Enumeration 3 claims that the testimony of the parole officer was erroneously admitted over her objection that it was irrelevant because, again, only the trial judge was the proper source of instruction on consequences of the plea. This enumeration is without merit for the reasons given in 2 (b) above. It is true that the parole officer's testimony concerned transactions *after* entry of the plea; nonetheless it served to contradict assertions of her affidavit concerning her claimed subsequent lack of awareness of the probation to which she had been sentenced, and is relevant to show that immediately after the plea she acknowledged her awareness of what she had done.

4. Enumeration 4 alleges that because the record is silent as to whether the trial judge personally addressed Bailey as required by Boykin v. Alabama, it was reversible error for the court below on habeas corpus to refuse to set aside the guilty plea. This contention has been rejected in *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345). That case, like Bailey's involved a guilty plea entered after the date of Boykin, on a record which fails to show precautionary instruction of the defendant by the trial judge. We held that the habeas corpus court below erred in vacating the guilty plea, because the record in the habeas corpus court showed that defendant had been advised of her rights and the consequences of her plea by the attorney representing her.

Bailey's contention here that the strict standards of Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461, 146 ALR 357), involving a knowing and intentional relinquishment of known rights, applies and must be

satisfied here because a guilty plea involves waiver of trial rights, is unsupported by authority. In a lengthy discussion of voluntariness in various contexts the United States Supreme Court in Schneckloth v. Bustamonte, 412 U. S. 218, 238 (n. 25) (93 SC 2041, 36 LE2d 854) though noting that under McMann v. Richardson, 397 U. S. 759, 766 (90 SC 1441, 25 LE2d 763) the waiver of trial rights inherent in a guilty plea must be "done with sufficient awareness of the relevant circumstances and likely consequences," declared that "voluntariness" and "waiver" were "distinct." Though the court's language in Schneckloth might be clearer, we conclude that nothing in that opinion is inconsistent with North Carolina v. Alford, 400 U. S. 25, 31 (91 SC 160, 27 LE2d 162), which thus continues to state the rule, which is that "the standard [for determining the validity of guilty pleas] was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." The question is whether the plea was voluntary and intelligent. Brady v. United States, 397 U. S. 742 (90 SC 1463, 25 LE2d 747); Jones v. Blackwell, 434 F2d 253 (5th Cir. 1970); Maner v. United States, 429 F2d 578 (5th Cir. 1970). *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892), cited by Bailey, is consistent with this test because examining the record there on habeas corpus we concluded only that the knowing and voluntary nature of the plea had not been shown from the evidence brought forth on the evidentiary hearing.

The evidence in the instant appeal is sufficient to show that Bailey voluntarily and intelligently chose to enter a guilty plea after having been advised of the relevant circumstances and of the likely consequences both of the plea and of the trial. The court below committed no error in refusing to set aside the guilty plea and the sentence and judgment imposed thereon.

5. The failure of the trial judge to make written findings of fact and conclusions of law upon which his judgment was made, enumeration of error number 5, is without merit. At the conclusion of the hearing the court stated in the record "You can take an order remanding her, denying the writ, and remanding her into the

custody of the sheriff." Though this oral ruling was cursory and was not a compliance with the exact language of Code Ann. § 50-127 (9), nonetheless it embodies a finding that none of petitioner's constitutional rights was violated, and we will not reverse on this basis. See *Brown v. Holland,* 228 Ga. 628 (1) (187 SE2d 246).

The trial court did not err in remanding the petitioner to custody.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents.*

ARGUED FEBRUARY 11, 1974 — DECIDED APRIL 16, 1974.

*Wm. Ralph Hill, Jr.,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* amicus curiae.

GUNTER, Justice, dissenting.

I respectfully dissent from the judgment of affirmance in this case for the same reasons contained in my dissenting opinion in *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345). There I said: "Since Boykin I believe that the record in the court accepting a plea of guilty must affirmatively show that there was a constitutional waiver at that time. I do not believe that a constitutional waiver at the time the plea was entered can be shown by extraneous evidence at a hearing conducted for that purpose many months or years after the entry of the plea of guilty."