## 29390. ROBERTS v. GREENWAY.

JORDAN, Justice.

Patrick Roberts appeals from the denial of his petition for a writ of habeas corpus in Clarke Superior Court.

The appellant was arrested pursuant to four different warrants charging him with the crime of cheating and swindling. In the company of his appointed counsel he appeared before the magistrate's court of Clarke County and waived a commitment hearing with respect to all of the charged offenses. On October 3, 1973, appellant and his attorney appeared in the State Court of Clarke County and signed written pleas of guilty to all four of the offenses charged. Appellant was then sentenced to twelve months confinement on two of the charges and to twelve months probation on each of the other charges.

Appellant claimed in his petition for habeas relief that the pleas of guilty were entered without an understanding of the possible consequences evolving from the entry of said pleas, and therefore the pleas were entered in violation of his constitutional rights.

In an attempt to prove that the pleas were entered knowingly and voluntarily the attorney for the respondent directed questions toward appellant's trial counsel concerning the extent to which he had informed appellant as to the possible and probable consequences of entering the pleas. Appellant objected to this line of

questioning on the grounds that it invaded the province of the attorney-client privilege. The objection was sustained by the habeas judge, and such evidence was not admitted.

It was established at the hearing that no Boykin v. Alabama record was established at the time the pleas were entered. The State Court Judge testified that it was not his practice to make such a record, the rationale being that he assumed the requisite information was imparted by the defendant's attorney.

The habeas judge after making the above findings of fact ruled that "The petitioner herein has not met the burden of proof resting upon him to show that he did not make a knowing and intelligent waiver of any of his rights under the Constitutions of the State of Georgia or the United States or was not adequately advised of the possible consequences of the pleas of guilty entered by him in each of the . . . cases." The habeas judge based his conclusions of law on the grounds that: (1) the judgments and sentences were valid on the face thereof and the petitioner in a habeas corpus action attacking such judgment has the burden of proving any invalidity based on an alleged denial of his constitutional rights; (2) that a defendant in a criminal case was aware of his constitutional rights at the time of the entry of a plea of guilty and made a knowing and intelligent waiver thereof may be proved by extrinsic evidence as well as by a transcript of the proceeding at which the plea of guilty was entered; (3) that an attorney is an officer of the court; and when he is competent and experienced in matters under litigation there is a presumption that he has adequately discharged his responsibility and duties as such; (4) that this presumption is sufficient, in the absence of any evidence to the contrary, to support a finding that an attorney who is competent and experienced in criminal litigation adequately and properly advised his client as to his rights under the Constitutions of the United States and of Georgia with respect to criminal charges pending against the client and of the possible consequences of a plea of guilty to such charges; and (5) that the petitioner herein has not met the burden of proof resting upon him to show that he did not make a knowing and intelligent waiver of any of his

rights under the Constitutions of the State of Georgia or the United States or was not adequately advised of the possible consequences of the pleas of guilty entered by him in each of the above referred to cases.

The appellant contends that the habeas court erred in denying his petition and remanding him to custody.

1. After carefully studying the briefs of the parties and the order of the court in the above styled appeal, it appears that there still exists some confusion as to the standards dictated by Boykin v. Alabama, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1969), and how these standards have been construed by the appellate courts of this state. We feel that this case presents an opportunity to put at least some of this confusion to rest.

Appellant first contends that Boykin requires an affirmative showing *on the record of the guilty plea hearing* that a defendant's plea of guilty was intelligently and voluntarily entered.

After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. Although it is preferable to have a knowing and intelligent plea of guilty shown on the record of the guilty plea hearing, so as to terminate the issue once and for all, Boykin as construed by *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892); *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345); and *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278), does not require this as the sole means of making this determination.

2. The habeas judge correctly determined that extrinsic evidence was admissible to determine the validity of the guilty pleas. However in reviewing the evidence, the court stated in its order that where a judgment of a court is valid on its face sentencing a criminal to confinement it is prima facie valid, and that a petitioner in a habeas corpus action wishing to attack the judgment has the burden of proving any alleged con-

stitutional infirmity. As we stated in *Purvis,* supra, p. 767, with respect to the validity of guilty pleas, "this presumption can no longer be indulged with the advent of the Boykin case. . . ." After the question is raised in the petition the burden is on the state to prove that the plea was knowingly and voluntarily entered.

The trial court further erred in holding that the presumption that an attorney has adequately discharged his responsibilities and duties, in the absence of any evidence to the contrary, is sufficient "to support a finding that an attorney who is competent and experienced in criminal litigation adequately and properly advised his client as to his rights under the Constitutions of the United States and of Georgia with respect to criminal charges pending against the client and of the possible consequences of a plea of guilty to such charges. See 7 CJS, Attorney and Client, § 157c (1); 31A CJS, Evidence, § 146, p. 338, Footnote 39 and cases cited."

Although this presumption may be considered in determining whether the plea was valid, this presumption alone is insufficient, in and of itself, to support a holding that the state has adequately carried its burden of proof that the pleas were knowing and voluntary. As stated before, Boykin and our cases following Boykin require that the state make an *affirmative* showing that the plea is constitutionally valid.

3. We have carefully reviewed the evidence presented by the state at the habeas hearing that is the subject of this appeal. We find that the state failed to carry the burden of showing that the appellant's pleas were entered with a full understanding of what the possible consequences might be. However in making this decision we cannot overlook the fact that the state was prevented from making the required showing by virtue of a ruling made by the habeas judge that any communications between the appellant and his attorney prior to the entry of the guilty pleas were privileged under the attorney-client privilege and therefore inadmissible. We do not agree with this ruling.

In this case the petitioner makes no claim that his attorney was incompetent, negligent or guilty of any

misconduct, and yet claims the attorney-client privilege in order to thwart a determination as to the validity of the constitutional defect alleged. A petitioner for habeas corpus relief cannot allege that he was deprived of his constitutional rights and then invoke the shield of the attorney-client privilege to prevent an accurate determination of the merit of his claim. As we said in *Bailey v. Baker,* supra, quoting from United States v. Woodall, 438 F2d 1317, 1326 "Courts earnestly pursuing reality would be hard put to justify a rule that would allow a defendant . . . to assert that his solemn pleas of guilty were negated for lack of accurate information of sentence consequences, then permit him to run a procedural trap play that would block the development of the plain truth... Not only does this specious sophistry fail to protect confidential relationships, it trifles with the truth—it scoffs at justice—and we reject it flatly." We stated this in *Bailey,* supra, and we state it now. To hold otherwise would be at cross purposes with the true function of a habeas corpus hearing, which is to determine the truth or falsity of the alleged constitutional infirmities.

In light of *Bailey,* supra, and this opinion we reverse the judgment of the trial court and remand this case for an evidentiary hearing not inconsistent with this opinion.

*Judgment reversed and remanded with direction. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only. Hill, J., not participating.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 9, 1975.

*Thomas M. West,* for appellant.

*Ken Stula, Solicitor, William G. Solomon, John Ray Nicholson,* for appellee.

GUNTER, Justice, concurring.

I concur in the judgment of reversal only. My concurrence is based on my dissenting opinions in *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345) and *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278).