54227. WRIGHT v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals, pro se, his conviction for the offense of burglary. He has failed to file an enumeration of errors. *Held:*

Defendant was indicted, entered pleas of guilty to, and convicted of the offenses of burglary *and* aggravated assault. He appeals only his conviction for burglary. We have thoroughly examined the record and transcript and find no harmful error.

The evidence clearly establishes his guilt of both offenses and that his pleas of guilty were entered intelligently, knowingly, and voluntarily, in accordance with the criteria of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); Brady v. United States, 397 U. S. 742, 748 (90 SC 1463, 25 LE2d 747); McMann v. Richardson, 397 U. S. 759, 766 (90 SC 1441, 25 LE2d 763); Schneckloth v. Bustamonte, 412 U. S. 218, 238 (93 SC 2041, 36 LE2d 854); and *Purvis v. Connell,* 227 Ga. 764, 766 (182 SE2d 892). Where there is any question as to voluntariness of a guilty plea we will consult the record as well as the transcript. The record contains the signed statement of the defendant, his counsel, and the trial judge, setting forth the full panoply of rights of an accused and his knowing, intelligent and voluntary waiver of those rights. Thus, the trial judge's failure to question the defendant in open court concerning those rights was harmless. *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345); *Bailey v. Baker,* 232 Ga. 84, 88 (205 SE2d 278).

A valid plea of guilty stands on the same footing as a conviction by a jury (*Carter v. State,* 204 Ga. 242, 244 (49 SE2d 492)) and waives all defenses, known and unknown. *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JULY 12, 1977 — DECIDED SEPTEMBER 9, 1977.

Vernon L. Wright, *pro se.*
*John Ossick, Assistant District Attorney,* for appellee.