## 54989. HARRELL v. THE STATE.

WEBB, Judge.

Harrell was arrested in May, 1977, and charged with violating the Georgia Controlled Substances Act. On the

day of his arrest he retained legal counsel and was released on bond. At arraignment on June 22 a plea of not guilty to the indictment was entered by his attorney. Formal arraignment was waived, a demand for a copy of the indictment and a list of witnesses was made and complied with, and subsequent thereto the trial court heard and considered numerous pre-trial motions filed on Harrell's behalf.

On July 11, Harrell's case was called for trial and a plea of guilty was entered by his attorney on the indictment. A "transcript of proceedings" form, consisting of questions to be asked the defendant by the court before accepting a guilty plea, was also placed before the court together with the written recommendations of the district attorney's office. It appears that at this time the court asked Harrell if he wished to withdraw his guilty plea and he answered "no." The court then required him to complete the transcript of proceedings and sign it. Harrell requested ninety days to get his business affairs in order before beginning to serve his sentence, which was granted, and the sentence was reduced to writing and filed with the clerk. Harrell was given written notice of his right to sentence review the same day.

Thirty days later, on August 10, Harrell filed a motion for new trial. In response to the state's motion to dismiss it was withdrawn on September 1, at which time he filed a motion to withdraw his guilty plea. The court conducted an evidentiary hearing on September 6 and at the conclusion thereof overruled the motion to withdraw the plea. From this order entered September 21, Harrell appeals, contending that his guilty plea was not voluntarily made.

"In reviewing this decision, we proceed on the basis that a ruling on a motion to withdraw a plea of guilty after pronouncement of sentence is always within the sound legal discretion of the trial court. [Cits.]" *Smith v. State,* 231 Ga. 23, 24 (200 SE2d 119) (1973). But where there is any question as to the voluntariness of a guilty plea we will consult both the record and the transcript in accordance with the criteria of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). *Wright v. State,* 143 Ga. App. 247 (237 SE2d 714) (1977).

In the instant case, there is no transcript of the plea proceedings. It is stated that the tape recording made at the time was too garbled for the reporter to transcribe. At the hearing on the withdrawal motion the testimony of Harrell, his attorneys and the court clerk was contradictory, and the written order denying the motion is expressly based on the judge's recollections of the plea proceedings rather than the evidence presented. Other than the transcript of proceedings form, there is no record of Harrell's pleading guilty in open court to the indictment, or that there was any "canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequence." Boykin v. Alabama, 395 U. S. 238, 244, supra. On the contrary, the testimony of Harrell's counsel revealed that he vacillated between wanting to go to trial and pleading guilty, and Harrell's own testimony indicates that he did not understand the plea bargaining process and was influenced by his attorneys to plead guilty.

The transcript of proceedings form is a one-page printed document consisting of 18 questions to which there are some typed answers and two answers written in. There are signature lines for the defendant and his attorney and it is sworn to before the clerk. The last, unnumbered question at the bottom of the page asks the defendant if he wishes to withdraw his plea after hearing sentence and prior to sentence being reduced to writing and filed with the clerk.

On the form signed by Harrell, this question was answered "yes" in longhand, the "yes" was scratched out by hand, and "no" was written above the marked over "yes." Harrell swore that he wrote the "yes"; that it was his intent to withdraw the plea; that the "yes" handwriting was his but the "no" was not; that when he signed the form the "yes" was written in answer to the question and was not marked through; and that he did not authorize anyone to change his answer from "yes" to "no." No other witness could offer any other explanation, and there was considerable confusion and conflict as to where and when the typed answers were put on the form, as well as the written answers, and as to when, where or whether the answers were discussed with Harrell.

"After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. Although it is preferable to have a knowing and intelligent plea of guilty shown on the record of the guilty plea hearing, so as to terminate the issue once and for all, Boykin as construed by *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892); *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345); and *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278), does not require this as the sole means of making this determination." *Roberts v. Greenway,* 233 Ga. 473, 475 (1) (211 SE2d 740) (1975).

We conclude that the state failed to carry its burden here, and that consequently the trial court abused its discretion in refusing to allow the withdrawal of the guilty plea.

*Judgment reversed. Bell, C. J., Quillian, P. J., Smith, Shulman and Birdsong, JJ., concur. Deen, P. J., McMurray and Banke, JJ., dissent.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 28, 1978.

*Orion L. Douglass, Lerow & Levine, David N. Levine,* for appellant.
*Dewey Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.

McMURRAY, Judge, dissenting.

This case involves the denial of a motion to withdraw the plea of guilty made after the sentence was pronounced. In such cases the withdrawal of a plea of guilty is always within the sound legal discretion of the court. In the case sub judice the defendant was

represented by counsel and in electing to plead guilty was required to enter a sworn transcript of the proceedings which were a series of questions asked of him and his sworn answers thereto. This transcript of the proceedings was signed by both the defendant and his counsel. The majority contend that there is no transcript of the plea proceedings although admitting that the required transcript of proceedings form composed of the series of questions asked together with his answers which were sworn to by the defendant is in the record. At the hearing of this motion the majority contend that the testimony was contradictory and holds that there was no record of the defendant's pleading guilty in open court and that there was no canvassing of the matter with the accused to make sure he had a full understanding of what the plea connotes and its consequences. The record shows otherwise. The majority then contend that the state failed to carry the burden and that the trial court abused its discretion in refusing to allow the withdrawal of the guilty plea.

To this I cannot agree. The record discloses that the defendant was well aware of the sentence and that he was specifically given 90 days to get his business arranged in order to begin serving the sentence. The final order of the court here on the motion to withdraw specifically states further that the defendant was represented by counsel, well qualified through formal training and experience; that prior to accepting the defendant's plea the defendant presented the court with a transcript of his plea which was duly sworn to in open court and the court specifically asked the defendant if the answers appearing in the transcript were true and correct and that the defendant answered they were; that at the time defendant entered his plea of guilty he had had sufficient time to confer with his attorney, subpoena witnesses if he had desired, that he was ready for trial and fully understood the charges and punishment and did authorize his attorney to enter his said plea, and at that time was well satisfied with counsel and the services of his attorney. The court then found that the plea of guilty was duly authorized by the defendant and that said plea was freely, understandingly and voluntarily made, without undue influence, compulsion

or duress, and the sentence of the court was as recommended by the district attorney's office, as a result of plea bargaining between the district attorney's office and defendant and his counsel, which the defendant fully authorized and approved. Even then, after plea of guilty had been entered and sentence imposed, the court specifically asked the defendant in open court if he had decided to withdraw his plea of guilty and the defendant answered no. I simply cannot agree that the trial court abused its discretion in refusing to allow the withdrawal of the guilty plea.

The main contention of the defendant in his motion is that he entered the plea upon undue and subtle pressures exerted upon him by his then attorney. However, a reading of the last transcript, made at the hearing of this motion, fails to disclose any evidence of such subtle and undue influence by counsel for the defendant.

As I would affirm the judgment, I respectfully dissent.

I am authorized to state that Presiding Judge Deen and Judge Banke join in this dissent.