57641, 57642. SIRMANS v. THE STATE (two cases).

McMURRAY, Presiding Judge.

Defendants were indicted, along with another, for the offenses of burglary in eight counts. After being formally arraigned and pleading not guilty on the 17th of November, 1978, defendants requested the court, during the trial on December 4, 1978, to be allowed to change their pleas of not guilty to guilty, after the district attorney agreed to recommend to the court a sentence of 10 years on each of the eight counts to run concurrently and to dismiss all remaining counts against these two defendants.

Thereafter, the defendants requested an appointed counsel (separate attorneys) to appeal. Counsel for each of these defendants have respectively filed an Anders type motion (Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493)) seeking to withdraw as counsel stating that upon conscientious examination of the transcript and record they are of the opinion the appeal in each case is wholly frivolous.

The Supreme Court has held in *Bethay v. State,* 237 Ga. 625 (229 SE2d 406), that appointed counsel may withdraw from a case on appeal only upon compliance with the rules set out in Anders v. California, 386 U. S. 738, supra, all of which have been repeated in *Bethay v. State,* supra. As required by Anders and *Bethay,* we have also examined the record and transcript of the trial and the proceedings with reference to the pleas of guilty to determine whether each appeal is, in fact, frivolous, and we conclude that each is not meritorious. In the respective briefs of counsel setting forth that which "might arguably support the appeal" counsel cited Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); and *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 764), in that the defendants might argue that they simply did not understand the nature of the charges against them or the possible consequences to follow upon the entering of

guilty pleas. Counsel for each defendant then admitted that the respective pleas were freely and voluntarily made and that the transcript of the hearing as to the plea and sentence verifies this. It is quite clear from the record and transcript that after the trial began and plea bargaining resulted from the defendants changing their respective pleas from not guilty to guilty the trial court extensively questioned each defendant and only then did the judge proceed to sentence them in view of their pleas of guilty.

Accordingly, counsel are granted permission to withdraw, and each appeal is dismissed under the authority of *Bethay v. State,* 237 Ga. 625, supra. See also *Corn v. State,* 142 Ga. App. 361, 362 (235 SE2d 687); *Byers v. State,* 149 Ga. App. 401.

*Appeals dismissed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 11, 1979 — DECIDED MAY 29, 1979.

*Bennett, Wisenbaker, Bennett & Chapman, Barry R. Chapman,* for appellant (Case No. 57641).
*John R. Bennett,* for appellant (Case No. 57642).
*H. Lamar Cole, District Attorney,* for appellee.