**Gene Vernell LODERMEIER,
Petitioner and Appellee,**

v.

**STATE of South Dakota, Appellant.**

**No. 12856.**

Supreme Court of South Dakota.

Submitted on Briefs Feb. 21, 1980.

Decided May 28, 1980.

Gale E. Fisher, Sioux Falls, for petitioner and appellee.

John P. Guhin, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

HECK, Circuit Judge.

This post-conviction action is before this court a second time.[1] We remanded the case to circuit court for further evidentiary proceedings to determine whether or not the petitioner had knowledge and understanding of his *Boykin*[2] rights prior to his plea of guilty to the charge of third-degree burglary.

At a continuation of the post-conviction hearing directed by this court, the State called petitioner's former legal counsel, who represented petitioner at the time of the arraignment, for the purpose of determining whether he had advised petitioner of his *Boykin* rights prior to his plea. Counsel for the petitioner at the continued post-conviction hearing objected to the testimony of petitioner's former lawyer on the grounds of attorney-client privilege set forth in SDCL 19–2–4 as follows: "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment."[3]

The State has appealed the ruling of the trial court sustaining the objection, claiming that petitioner waived the privilege. We agree.

SDCL 19–2–6, in effect prior to July 1, 1979, provided:

If a person offer himself as a witness he thereby waives any privilege he might otherwise claim, which would prevent the examination of his attorney . . . on the same subject within the meaning of . . . § 19–2–4 . . . . If a person once waives such privilege, as to any

---

1. See *Lodermeier v. State*, 273 N.W.2d 163 (S.D.1978).

2. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

3. The new rule (SDCL 19–13–3) effective July 1, 1979, states: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the

particular communication, he cannot thereafter claim it.[4]

At the initial post-conviction hearing, the petitioner was called by his counsel as a witness. He was asked by his counsel whether his former counsel advised him of certain rights prior to his plea of guilty. Petitioner answered that he had not been so advised. This is clearly the subject matter before the trial court to which the waiver of the privilege would apply.

Notwithstanding the petitioner's waiver by his testifying in this matter, we hold that any defendant, who makes application for post-conviction relief under SDCL 23A–34 to set aside a conviction alleging that prior to his plea of guilty he was not informed of his constitutional rights, thereby waives his attorney-client privilege to those matters relevant to the issue before the court.

We agree with the reasoning of the appellate court in *Roberts v. Greenway*, 233 Ga. 473, 477, 211 S.E.2d 764, 766–767 (1975), hereafter set forth:

> In this case the petitioner . . . claims the attorney-client privilege in order to thwart a determination as to the validity of the constitutional defect alleged. A petitioner for habeas corpus relief cannot allege that he was deprived of his constitutional rights and then invoke the shield of the attorney-client privilege to prevent an accurate determination of the merit of his claim. As we said in *Bailey v. Baker* [232 Ga. 84, 205 S.E.2d 278] supra, quoting from *United States v. Woodall*, 5 Cir., 438 F.2d 1317, 1326, "Courts earnestly pursuing reality would be hard put to [justify] a rule that would allow a defendant . . . to assert that his solemn pleas of guilty were negated for lack of accurate information of sentence consequences, then permit him to run a procedural trap play

rendition of professional legal services to the client . . . ."

4. The new rule (SDCL 19–13–26) effective July 1, 1979, states: "A person upon whom this chapter confers a privilege against disclosure waives the privilege if he or his predecessor

that would block the development of the plain truth. . . . Not only does this specious sophistry fail to protect confidential relationships, it trifles with the truth—it scoffs at justice—and we reject it flatly."[5] We stated this in *Bailey*, supra, and we state it now. To hold otherwise would be at cross purposes with the true function of a habeas corpus hearing, which is to determine the truth or falsity of the alleged constitutional infirmities.

We reverse the ruling of the trial court and remand for further proceedings consistent with our former decision in this action.

All the Justices concur.

HECK, Circuit Judge, sitting for WOLLMAN, C. J., disqualified.

while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter. This section does not apply if the disclosure itself is privileged."

5. Quote from *United States v. Woodall* corrected to conform to the original opinion.