A93A1592. COLLUM v. THE STATE.
(438 SE2d 401)

COOPER, Judge.

Appellant, represented by counsel, pled guilty to driving without insurance, leaving the scene of an accident, driving under the influence and following too closely. He appeals from the denial of his motion to withdraw guilty plea.

The record reveals that following an automobile accident on

Christmas Day 1992, appellant was arrested and charged with leaving the scene of an accident and driving under the influence. The State subsequently added charges of following too closely and no insurance. Appellant's attorney negotiated with the prosecutor for a recommended sentence of nine months, but when appellant appeared in court with his attorney on January 4, 1993, appellant entered a plea of not guilty because he believed that he had insurance. The prosecutor notified appellant's counsel in writing that the case would be placed on the February 15, 1993 trial calendar and that after the case was on the calendar there would be no further plea discussions. The prosecutor further informed appellant's counsel that if appellant desired to enter a plea after February 5, 1993, it would be a non-negotiated plea. On February 15, appellant appeared in court with his attorney to enter a guilty plea. The trial court inquired of the prosecutor whether she had a recommended sentence, and when the prosecutor responded that she did not, the trial judge commented that the plea was non-negotiated. After accepting the plea, the trial judge sentenced appellant to two consecutive twelve-month sentences. Appellant's attorney immediately requested that appellant be allowed to withdraw the guilty plea, but the trial judge refused. Appellant then filed a motion to withdraw the guilty plea on the ground it was not voluntarily and intelligently entered because appellant believed he would receive a nine-month sentence. Two days after the guilty plea proceedings, which were not transcribed, the trial judge held a hearing on appellant's motion to withdraw the plea. The motion was denied and this appeal followed.

"Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant ' "intelligently and understandingly" ' waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. [Cit.]" *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989). The trial judge should not enter a judgment on a guilty plea before determining that there is a factual basis for the plea. Uniform Superior Court Rule 33.9; *Head v. State*, 262 Ga. 795 (2) (426 SE2d 547) (1993). "When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered ' "by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill(ing) a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Cit.)' [Cit.]" *Wood*, supra at 180.

Although the guilty plea proceedings were not recorded, the transcript from the hearing on appellant's motion to withdraw guilty plea provides some evidence of what transpired during the guilty plea proceedings. The record includes appellant's signed plea statements in which appellant acknowledged that he was represented by counsel; that he understood the nature of the charges against him, the possible sentence on each of the charges, and the rights waived by pleading guilty; that no one made any promises of a lesser sentence, and that his plea was freely and voluntarily given. The transcript from the hearing also reveals that prior to accepting appellant's guilty plea, the trial judge read each plea statement to appellant. The trial judge also noted that when appellant's counsel stated during the guilty plea proceedings that it was his understanding appellant would receive a nine-month sentence, the trial judge explicitly told appellant's counsel that he was not bound by any recommendation the State might have made. The judge then asked the prosecutor whether she had a recommendation, and the prosecutor stated that she did not. Appellant also testified that during the plea proceedings the trial judge stated that appellant's plea was non-negotiated and appellant acknowledged that the prosecutor had stated she did not have a sentence recommendation.

However, "the record does not affirmatively show that the court ascertained the factual basis for appellant's plea as required by [Uniform Superior Court Rule] 33.9." *Watt v. State*, 204 Ga. App. 839, 840 (1) (420 SE2d 769) (1992). Since the record does not show that the trial court determined that a factual basis existed for the guilty plea, we conclude that the State did not meet its burden of showing affirmatively by the record that appellant's guilty plea was knowingly and voluntarily entered. *Watt*, supra at 840. Consequently, the trial court should have granted appellant's motion to withdraw guilty plea.

*Judgment reversed. Beasley, P. J., and Smith, J., concur specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur. Although we cite USCR 33.9, which governs also in the state courts, as the authority for the requirement that a factual basis be shown on the record, this has been mandated since *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The Georgia Supreme Court, in 1971, held that the state trial judge has the same duty as the federal trial judge under Federal Rule of Criminal Procedure 11. The state trial judge shall not enter a judgment on a guilty plea " 'unless it is satisfied that there is a factual basis for the plea.' "

*Purvis v. Connell*, 227 Ga. 764, 766 (182 SE2d 892) (1971).[1]

Several cases in this court since *Boykin* do not require an *express* finding of factual basis and hold that there is compliance if the record contains a factual basis of which the court was aware or the record at least shows that the trial judge was aware of a factual basis: *Golden v. State*, 190 Ga. App. 477, 478 (379 SE2d 230) (1989); *Clark v. State*, 186 Ga. App. 106, 107 (2) (366 SE2d 361) (1988); *Brannon v. State*, 176 Ga. App. 49 (2) (335 SE2d 163) (1985); *Harris v. State*, 167 Ga. App. 153 (3) (306 SE2d 79) (1983). USCR 33.9, which governs now, states that "the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy [the judge] that there is a factual basis for the plea."

This defect could not be cured at the hearing on the motion to withdraw the plea. Although a *record* of what occurred at the entry of the plea could be, and was, made at the motion hearing, the state could not supplement that record by adding a factual basis at the motion hearing.

Thus it is necessary to reverse and allow withdrawal of the plea rather than remand for a hearing on whether a factual basis existed, i.e., whether the evidence would show that defendant committed the crimes. That issue now must be decided by a jury or in a bench trial, where a proper plea is entered.

SMITH, Judge, concurring specially.

As the other opinions indicate, the difficulty here is with the lack of any record of a factual basis for a guilty plea. There is no transcript of the plea hearing, although there is a transcript of the hearing on the motion to withdraw the plea. I agree that there is nothing in the record to show the trial court made an inquiry at the plea hearing as to the factual basis for the plea, and I further agree that the record does not otherwise contain a factual basis for the plea or an indication that the trial court was aware of a factual basis for it. However, I do not fully agree with the assertion in Judge Beasley's special concurrence that such a deficiency "could not be cured at the hearing on the motion to withdraw the plea."

While it is true that the state could not *add* a factual basis at the motion hearing if there had been none at the plea hearing, I know of no reason why either the state or the trial court could not properly make a record at that later hearing of a factual basis that existed at the plea hearing and of which the trial court was aware at that time.

If the transcript of the motion hearing contained such a factual basis, either established or existing at the time of the plea hearing, or

---

[1] The actual current wording of Rule 11 (f) differs somewhat.

if the written plea statement signed by the defendant and his attorney showed such a basis, I would vote to affirm the trial court. Since there is nothing of this kind in the transcript of the motion hearing or elsewhere in the record, I concur.

DECIDED NOVEMBER 30, 1993.

*Lloyd J. Matthews*, for appellant.
*Keith C. Martin, Solicitor, Leigh A. Moore, Assistant Solicitor*, for appellee.