## A93A2547. EVANS v. THE STATE.
(443 SE2d 296)

Cooper, Judge.

Appellant was indicted for the offenses of rape, statutory rape, and child molestation of a 13-year-old girl. He pled guilty to one count of rape and appeals from the trial court's denial of his motion to withdraw his guilty plea.

After a jury was impanelled, appellant's counsel stated for the record that appellant had decided just before trial to accept a negotiated plea of guilt to the rape charge; however, the State was no longer willing to accept the plea since its offer had expired the day before. The prosecutor then gave his opening statement and appellant's counsel began his opening at which point the State objected. Although the opening statements were not transcribed, a review of the colloquy between counsel and the trial court concerning the State's objection reveals that appellant's counsel argued in his opening that the victim had consented to have sex with appellant. The trial court advised appellant's counsel that consent was not a defense since the victim was under the age of 14 and could not legally give her consent. The court then advised appellant's counsel that he might need to speak with appellant and the State about whether the State would still be willing to accept a plea. After a brief recess, the parties advised the court that appellant had decided to plead guilty to the rape charge. The court advised appellant of the various rights he was waiving and of the possible sentences he could receive. It then accepted the plea and sentenced appellant to 20 years. Appellant subsequently filed a motion to withdraw his guilty plea in which he claimed, inter alia, that he was not represented by competent counsel. The trial court denied the motion, and appellant appeals.

Appellant argues on appeal that his plea was not knowingly and voluntarily entered and that he received ineffective assistance of counsel in connection with the plea. Specifically, appellant claims his trial counsel could not have adequately advised him of the offenses for which he was charged since counsel himself did not understand the elements of those offenses and that counsel's reference to the victim's consent in the opening statement left him no choice but to plead guilty. Appellant also contends the trial court neglected to ascertain a factual basis for the plea in violation of USCR 33.9.

It does not appear that appellant or his trial counsel testified at the hearing on the motion to withdraw appellant's guilty plea as no transcript of that hearing appears in the record. In any event, appel-

lant has failed to show that he "felt compelled to plead guilty because of any action or inaction of his trial [counsel]." *Hatcher v. State,* 259 Ga. 274, 275 (1) (379 SE2d 775) (1989). To the contrary, the record reveals that appellant had decided to plead guilty to the rape charge prior to the start of trial; however, the State was no longer willing to accept a plea at that time. We further cannot say that the record reveals that appellant's trial counsel lacked a basic understanding of the elements of the crimes with which appellant was charged. Although not entirely clear, what appellant's counsel was apparently trying to say in his opening statement was that the State would not be able to prove the elements of forcible rape. See OCGA § 16-6-1; *Drake v. State,* 239 Ga. 232 (236 SE2d 748) (1977).

However, "the record does not affirmatively show that the court ascertained the factual basis for appellant's plea as required by USCR 33.9. There is no discussion in the transcript of the factual basis for the charges and no presentation or summary by the prosecutor of the evidence the State would have presented at a trial." *Watt v. State,* 204 Ga. App. 839, 840 (420 SE2d 769) (1992). While the State argues that the trial court was aware of the factual basis because the State had earlier given its opening statement, the opening statement was not transcribed and there is no indication in the record as to what was stated in the prosecution's opening statement. Thus, the record before this court does not establish that the trial court was aware of the factual basis for appellant's plea to the crime of rape. Compare *Golden v. State,* 190 Ga. App. 477 (379 SE2d 230) (1989) (record established trial court aware of factual basis since transcript contained prosecutor's summary of the evidence). Because the record fails to show that the trial court ascertained a factual basis for the plea, we find that the record does not affirmatively show appellant's plea was knowingly and voluntarily entered. See *Watt,* supra at 840; see also *Collum v. State,* 211 Ga. App. 158 (438 SE2d 401) (1993). Accordingly, the trial court should have granted appellant's motion to withdraw his guilty plea.

As to the dissent's reliance on *Ford v. State,* 248 Ga. 241 (2) (282 SE2d 308) (1981), for the proposition that this state does not require establishment on the record of the factual basis for guilty pleas and that our decision in *Collum* should be overruled, we note that *Ford* predates the Supreme Court's adoption in 1985 of USCR 33.9, which specifically requires the trial judge to "mak[e] such inquiry on the record as may satisfy him that there is a factual basis for the plea." Furthermore, the dissent admits that virtually all those cases which have found compliance with USCR 33.9 have done so on the ground that the transcript of the guilty plea hearing showed the trial court was aware of the factual basis for the plea. See *Golden,* supra at 478 (trial court aware of factual basis as plea hearing transcript contained

prosecutor's summary of the evidence it expected to present); *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990) (same); *Clark v. State*, 186 Ga. App. 106, 107 (2) (366 SE2d 361) (1988) (same); see also *Brannon v. State*, 176 Ga. App. 49, 50 (2) (335 SE2d 163) (1985) (district attorney's recitation of the facts and court's response made it clear court familiar with factual basis for plea). In fact, in *Golden*, we specifically stated that it was unnecessary for "a trial court [to] affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when the *transcript* presents evidence that the trial court was aware of the factual basis." (Emphasis supplied.) 190 Ga. App. at 478. No case that we have uncovered has held, as would the dissent, that the record established that the trial court was aware of the factual basis simply because some document contained in the record summarized the facts of the crime. If that were the case, there would be no need for USCR 33.9 since we could almost always hold that the trial court was aware of the factual basis by virtue of a recitation of the facts in either the indictment or some other part of the record. Finally, we take issue with the dissent's assertion that the trial court was required to make an inquiry on the record as to the factual basis *for the sole purpose of facilitating appellate review.*" USCR 33.9 makes it clear that the purpose of requiring the trial judge to make an inquiry on the record is to ensure that the trial court is satisfied that a factual basis does exist for the plea. Thus, a trial court may refuse to accept a plea because it finds no factual basis exists for the plea. See, e.g., *Head v. State*, 262 Ga. 795 (2) (426 SE2d 547) (1993).

*Judgment reversed. Pope, C. J., McMurray, P. J., Beasley, P. J., and Blackburn, J., concur. Birdsong, P. J., Andrews, Johnson and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. In *Collum v. State*, 211 Ga. App. 158 (438 SE2d 401) (1993), we held for the first time that the failure to satisfy Uniform Superior Court Rule 33.9 *alone* mandates that a subsequent motion to withdraw guilty plea must be granted. Though I concurred specially in *Collum*, I am now convinced that case was wrongly decided.

Since the majority bases its decision on USCR 33.9, I first note that USCR 33.12, which deals specifically with the matter at hand, provides that "[i]n the absence of a showing that withdrawal is necessary to correct a *manifest injustice*, a defendant may not withdraw his plea of guilty . . . as a matter of right once sentence has been pronounced by the judge." (Emphasis supplied.) The majority's holding necessarily implies that it is in all cases a "manifest injustice" under USCR 33.12 to fail to make the record counselled in USCR

33.9. I cannot agree. A plain reading of USCR 33.9 simply does not support that position.

In fact, the question of whether the present inquiry properly turns on the adherence to prophylactic rules has been previously addressed. In *Ford v. State*, 248 Ga. 241 (282 SE2d 308) (1981), the Supreme Court observed that such rigidity is not mandated under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The Supreme Court echoed that sentiment in 1985 by adopting a "factual basis" rule that is couched in terms that are neither objective, precise, nor obligatory. See 1983 Ga. Const., Art. VI, Sec. IX, Par. I; 253 Ga. at 863. I would disapprove any dicta to the contrary in *Watt v. State*, 204 Ga. App. 839, 840 (420 SE2d 769) (1992), and I would overrule *Collum v. State*, supra, in light of the prior holding of the Georgia Supreme Court in *Ford v. State*, supra.

The majority opinion fully demonstrates the lack of any "manifest injustice" which would mandate the withdrawal of Evans's guilty plea as a matter of right under USCR 33.12, or as a constitutional imperative under *Boykin*. Moreover, "after the pronouncement of a sentence, a ruling on a motion to withdraw a guilty plea is within the sound discretion of the trial court," and "will not be disturbed on appeal unless manifestly abused." (Citations and punctuation omitted.) *Scott v. State*, 185 Ga. App. 568, 570 (365 SE2d 127) (1988).

Finally, I have no difficulty whatsoever determining the factual basis for the plea in this particular case, as the record contains an application for a search warrant with supporting affidavit. The affiant, a juvenile investigator, relates the 13-year-old victim's statement to him, and that statement fully describes the rape alleged. See OCGA § 24-3-16. The act described by the victim and related in the investigator's affidavit would indeed support a forcible rape conviction.

As the majority notes, the trial court heard the State's opening statement before Evans changed his plea. It also should be noted that the record shows the trial court conducted a *Brady* examination of the State's file on the morning of trial, before opening statements and before Evans pled guilty.

The trial court's failure to make whatever inquiry that it "should" have made on the record under USCR 33.9 *for the sole purpose of facilitating appellate review* was therefore harmless. See *Scurry v. State*, 194 Ga. App. 165 (390 SE2d 255) (1990); *Wright v. State*, 143 Ga. App. 247 (237 SE2d 714) (1977). In other words, if the reviewing court can determine the existence of a factual basis for the plea based on the state of the record and transcript when the trial court accepted the plea, then the record is satisfactory for review purposes without need for further factual inquiry by the trial court on the record prior to sentencing on that plea.

Since I otherwise agree with the majority's treatment of the is-

sues presented, I would affirm.

I am authorized to state that Presiding Judge Birdsong, Judge Andrews, and Judge Johnson join in this dissent.

DECIDED MARCH 18, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994 —

*Arleen E. Gardenhire*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.