## 35677. ZANT v. MULLENNIX.

UNDERCOFLER, Presiding Justice.

In 1977, Mullennix was charged with burglary. He pleaded not guilty upon arraignment. Thereafter he changed his plea to guilty and was sentenced to ten years on probation. In 1978, he was arrested for DUI and possession of six and one-half pounds of marijuana in the vehicle. His burglary probation was revoked.

Mullennix by habeas corpus, among other things, contends his guilty plea to burglary was coerced and not freely and voluntarily entered. After hearing, the habeas judge agreed and vacated the plea and sentence. The state appeals. We affirm.

The habeas judge found that Mullennix was coerced into entering the plea to burglary by the mistaken belief that he was guilty because he once had possession of a shotgun stolen in the burglary even if lawfully possessed and if he was found guilty on trial he would probably receive a twenty-year sentence; that he was assured by his attorney and the assistant district attorney he would receive a three-year probated sentence on a plea. The habeas judge found also that, "The transcript of the guilty plea does not reflect any factual basis for the plea of guilty. Really it amounts to nothing more than an inquiry as to whether or not the Petitioner was guilty. The Petitioner testified that he gave the answers he did at the guilty plea hearing upon instructions from his attorney, so that the court would receive his guilty plea and impose a probation sentence of three years."

Under the evidence we cannot say the habeas judge erred.

*Judgment affirmed. All the Justices concur, except Jordan, Bowles and Marshall, JJ., who dissent.*

SUBMITTED DECEMBER 7, 1979 — DECIDED FEBRUARY 22, 1980.

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Assistant Attorney General,* for appellant.

Larry J. Mullennix, *pro se.*