## 37760. FORD v. THE STATE.

JORDAN, Chief Justice.

Horace Dwayne Ford appeals from the entry of a judgment denying habeas relief. His application for certificate of probable cause to appeal was granted.

Ford and his brother, Thomas Gary Ford, were indicted for murder and armed robbery and were represented jointly by retained counsel. After plea bargaining, the district attorney recommended, and the court accepted and entered, consecutive life sentences on each of the brothers' pleas of guilty.

1. Ford contended during the habeas proceedings that a conflict of interests existed between him and his brother because he wanted to plead not guilty whereas his brother wanted to plead guilty; that

the district attorney would not plea bargain unless both brothers pled guilty; and that, accordingly, his pleas were coerced rather than voluntary.

Ford first contends on appeal that the joint legal representation conflict of interest principles enunciated in *Fleming v. State,* 246 Ga. 90 (270 SE2d 185) (1980), should be applied in his case. We decline to extend *Fleming* to a case in which a district attorney recommended life sentences after plea bargaining, albeit that the facts of the case if proven beyond a reasonable doubt and to the satisfaction of rational triers of the facts would have been sufficient to permit imposition of the death penalty. We hold that *Fleming* does not apply to all cases in which the death penalty could have been sought but, instead, only to those cases in which the death penalty is being sought.

2. Ford next contends that the transcript shows he did not fully understand his plea or sentence, and that the transcript is devoid of any factual basis for the plea of guilty. He relies upon *Zant v. Mullennix,* 245 Ga. 299 (264 SE2d 229) (1980).

We hold that the transcript of Ford's guilty plea is adequate under the standards expressed by the Supreme Court of the United States in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and we decline to adopt the practice of the federal courts under Rule 11, Federal Rules of Criminal Procedure, regarding establishment on the record or transcript of the factual basis for the plea of guilty. Boykin violations are of constitutional magnitude. Boykin v. Alabama, supra; *Jones v. Lee,* 244 Ga. 837 (262 SE2d 130) (1979). Transgressions of Rule 11 practices are not. United States v. Timmreck, 441 U. S. 780 (99 SC 2085, 60 LE2d 634) (1979); *State v. Germany,* 245 Ga. 326 (265 SE2d 13) (1980). This court has suggested to the trial courts that Rule 11 practices in the federal courts are indicative of "good practice" but we have declined to mandate that every failure to follow federal court Rule 11 practice shall void a plea of guilty. *State v. Germany,* supra. The case of *Zant v. Mullennix,* supra, should not be read as expressing views divergent from those stated in *State v. Germany,* supra, or in the present case.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 29, 1981.

*Alden W. Snead,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.