## 63922. SAFFO v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant pleaded guilty to the offense of possession of a firearm by a convicted felon. He was sentenced to serve a term of four years. Subsequently, the defendant filed his own pro se motion seeking to withdraw the guilty plea and have a jury pass upon his innocence or guilt. This motion was denied, and counsel was appointed by the trial court to represent defendant on this appeal from the denial of defendant's motion to withdraw the plea of guilty. Defendant's appointed counsel has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), that is, that after a careful and conscientious examination of the record and proceedings counsel believes an appeal of this case to be frivolous. In accordance with Anders v. California, 386 U. S. 738, supra, counsel in filing the motion to withdraw as appointed counsel, has attached a brief raising points of law which counsel considered arguably could support an appeal, together with a letter to his indigent client stating the reasons why he was asking that he be allowed to withdraw as his attorney and enclosing a copy of the motion and brief. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406), we have fully examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that none of the points raised have any merit, and our independent examination fails to disclose any other errors of substance, Accordingly, we found the appeal to be wholly frivolous and granted permission of counsel to withdraw. The defendant has been notified of this action and of his options by reason thereof. No other counsel has been appointed or employed by the

defendant, nor has the defendant raised any enumeration of error or valid ground for appeal prior to the rendition of this opinion.

In further compliance with Anders v. California, 386 U. S. 738, supra, we have fully and carefully examined the record and transcript and find no reversible error. The state has fulfilled its burden to show that defendant's plea of guilty was intelligently and voluntarily entered. Boykin v. Alabama, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274); *Roberts v. Greenway,* 233 Ga. 473, 475 (1) (211 SE2d 764); *State v. Germany,* 245 Ga. 326 (265 SE2d 13). See also *State v. Germany,* 246 Ga. 455 (1) (271 SE2d 851) and *Ford v. State,* 248 Ga. 241, 242 (2) (282 SE2d 308).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 30, 1982.

*H. Lamar Cole, District Attorney,* for appellee.