## 63967. THOMAS v. THE STATE.

SHULMAN, Presiding Judge.

In October of 1978, appellant entered a plea of guilty to both counts of a two-count indictment charging her with welfare fraud. She was placed on probation for a total of eight years and ordered to pay restitution on a periodic basis. In November of 1981, appellant admitted that she had failed to pay the ordered restitution and, at the same time, she also pled guilty to two counts of issuing bad checks.

Based on those admitted violations of the terms of appellant's probation, the trial court entered an order revoking her probation. This appeal is from that order.

1. The appellant maintains that the plea of guilty to the two counts of issuing bad checks was not intelligently and voluntarily given. A review of the record sufficiently refutes that contention. The evidence shows that the guilty pleas were given knowingly, voluntarily and intelligently in keeping with the standards set forth in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). When a question of the voluntariness of the guilty plea is raised, the record as well as the transcript should be consulted. *Wright v. State,* 143 Ga. App. 247 (237 SE2d 714). The record here contains a "Plea of Guilty: Acknowledgement and Waiver of Rights" form which contains check marks acknowledging that appellant understood her rights and the consequences of entering a guilty plea. Although the check marks were not actually made by appellant, she told the court they were made with her awareness, knowledge and permission after the questions were explained to her. In fact, to further insure that appellant entered an intelligent and voluntary plea of guilty, the trial court asked appellant several questions from that form. Appellant responded that she did understand her rights and the consequences of her plea. The fact that all questions from that form were not posed to appellant in open court is harmless. *Wright,* supra. The trial court accepted the guilty pleas only after a determination that appellant was in fact guilty and that there were knowing and intelligent waivers of various enumerated rights. *Browning v. State,* 150 Ga. App. 712 (259 SE2d 136).

The evidence conclusively shows that the state has met its burden, as required by *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 764), of showing that the plea was intelligently and voluntarily entered. This enumeration of error is without merit.

2. Appellant's other enumeration of error is that the trial court failed to particularize the facts and reasons relied upon for revoking probation. The relevant portion of the order of revocation states as follows: "[I]t is hereby adjudged, based upon (the admission of the defendant as to the following particulars): has failed to pay restitution as ordered by the Court, and defendant was arrested on 9/12/81 for the offenses of Bad Check, two counts; and defendant admits that she is guilty of the above offenses; that the defendant has violated [her] probation as set forth in the petition."

"In our view, the record in this case satisfies the requirements of Morrissey [v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484)] and Gagnon [v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656)] with regard to a 'written statement.' From the record, both the defendant

and the appellate court can ascertain the basis for revocation of the defendant's probation. Given this fact, it was unnecessary for the trial court to commit his findings to a separate piece of paper. We do not construe Morrissey and Gagnon as elevating a superfluous exercise to the level of due process. [Cit.]" *State v. Brinson,* 248 Ga. 380, 381 (283 SE2d 463).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1982.

*Katrina L. Breeding,* for appellant.

*John T. Strauss, District Attorney, John M. Ott, Assistant District Attorney,* for appellee.