Horace Dwayne FORD,
Petitioner-Appellant,

v.

John P. FORD, Warden,
Respondent-Appellee.

No. 83–8387.

United States Court of Appeals,
Eleventh Circuit.

Jan. 2, 1985.

Alice C. Stewart, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Paula K. Smith, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS *, District Judge.

DANIEL HOLCOMBE THOMAS, District Judge:

This appeal is by Horace Ford regarding his request for habeas corpus relief. The district court adopted the magistrate's report and denied relief. The petitioner now appeals questioning the effectiveness of his assistance of counsel and the voluntariness of his guilty plea.

FINDINGS OF FACT

Horace Dwayne Ford, together with Pearlie Mae Berry, and Horace's brother, Thomas Gary Ford, were indicted in State Court for armed robbery and murder on June 17, 1980. The Ford brothers jointly retained one attorney to represent both of them.

Throughout the time period before the case was to come to trial Horace unequivocally expressed a desire to go to trial. On the other hand, his brother Thomas wanted simply to plead guilty and request mercy by the court in the sentencing. Horace

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

contended that he was innocent and wanted that fact to be demonstrated to a jury.

The State of Georgia was willing to enter into a plea agreement with the Ford brothers whereby the State would not seek the death penalty if both Horace and Thomas would plead guilty. The alternative to the death penalty offered by the State was two consecutive life sentences. However, if both of the defendant Ford brothers would not plead guilty then the State would proceed to trial insisting on the death penalty. Co-defendant Berry had separate counsel and had worked out a plea arrangement with the State.

Eventually Horace Ford pled guilty on October 6, 1980, at 4:00 P.M. after his case was called for trial at 9:00 A.M. on the same day. There was evidence that Horace's decision was influenced by his mother's insistence and by the fact that the State would waive the death penalty only if both brothers pled. Thus, fearing his brother would die for his failure to plead, Horace along with his brother Thomas, pled guilty on the day of trial.

As a result of his guilty plea, Horace Ford received one life sentence for murder and another life sentence for armed robbery. The two life sentences were to be served consecutively. Subsequently, Horace Ford sought habeas relief asserting that he received ineffective assistance of counsel and that his plea was not voluntarily made.

### CONCLUSIONS OF LAW

In the present case since the same attorney represented two co-defendants; one defendant wanting to proceed to trial and the other defendant desiring to plead guilty, an obvious conflict of interest arose. Therefore, Horace Ford, the defendant who desired to go to trial but pled guilty sought habeas relief based upon the issue of the effectiveness of the assistance of counsel he received. Appellant Horace Ford contends that this dual representation with the resulting guilty pleas, coupled with other factors evidencing a conflict of interest violated Ford's Sixth Amendment right to counsel.

The United States Supreme Court has established a standard to aid in determining whether a defendant's Sixth Amendment rights are violated. The Court instructs that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). If actual conflict does exist then the defendant need not show prejudice. *Id.* 446 U.S. at 349–50, 100 S.Ct. at 1718–19. We have defined the term "actual conflict" in *Westbrook v. Zant*, 704 F.2d 1487 (11th Cir.1983). There we held that an actual conflict exists when "petitioner shows that his trial counsel actively represented conflicting interests ...." *Id.* at 1499. In *Westbrook* we found an actual conflict where appointed counsel for a defendant in a capital case also represented the county in which defendant was tried in a lawsuit challenging the composition of the county's jury lists. Westbrook's appointed counsel could not bring a jury composition challenge on Westbrook's behalf because such a challenge would have been directed against another client (the county). A jury composition challenge would have been a plausible argument for Westbrook. Appointed counsel's inability to make such a challenge because of the conflict in interest "render[ed] meaningless the sixth amendment guarantee to effective representation." 704 F.2d at 1499.

Applying the above standards to the facts of this case, this court holds that an actual conflict of interest did exist here; consequently, Horace Ford was denied his Sixth Amendment right to effective assistance of counsel. The fact is undisputed that up until the day of trial, Horace Ford desired a jury trial while his brother and co-defendant Thomas Ford wished to plead guilty. Given this situation, it is obvious that the brothers' attorney was placed in a position of divided loyalties. The facts of this case clearly indicate that this attorney, however good his intentions, could not have represented both of these co-defendants

without some conflict arising. It is obvious that the two defendants had divergent interests.

The issue of multiple representation in capital cases was addressed by the Georgia Supreme Court in *Fleming v. State*, 246 Ga. 90, 270 S.E.2d 185 (1980). In *Fleming*, the same attorney represented co-defendants in a case in which the death penalty was sought. The court held "where the State seeks the death penalty against one defendant in a criminal transaction he and his co-defendant must be provided with separate and independent counsel." *Id.* 270 S.E.2d at 188. In Horace Ford's attempt to obtain habeas relief in state court, the Georgia Supreme Court declined to apply the *Fleming* rule to Ford's case. The Court stated that *"Fleming* does not apply to all cases in which the death penalty could have been sought, but, instead, only to those cases in which the death penalty is being sought." *Ford v. State*, 248 Ga. 241, 282 S.E.2d 308, 309 (1981). In the present case we feel that *Fleming* should apply as the State was definitely seeking the death penalty for both defendants during the time of plea bargaining. During this time Horace Ford was insisting on going to trial and his brother, Thomas Ford, had already agreed to plead. So, up until the time Horace changed his plea (apparently against his will and better judgment), the death penalty was being sought. While we are not in complete agreement with *Fleming*, we do feel that the Supreme Court of Georgia should have applied it in the *Ford* case.

Another issue that the petitioner raised on this appeal was whether or not his guilty plea was knowingly and voluntarily made. This issue is necessarily related to the issue of effectiveness of assistance of counsel. The Eleventh Circuit has addressed this issue in *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir.1983), wherein it stated, "[t]he guilty plea cannot have been knowing and voluntary, however, if a defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty, because

the plea does not then represent an informed choice."

In the present case this court has already determined that Horace Ford did not receive effective assistance of counsel. By virtue of the language of *Scott, supra*, Horace Ford's guilty plea was not knowing or voluntary and not the product of an informed choice.

For the reasons enumerated above, this Court is of the opinion that the petitioner-appellant's constitutional rights were not afforded to him. Thus the judgment of the lower court is REVERSED and the cause is REMANDED with instructions to grant the writ conditioned upon the state's right to retry the petitioner within a reasonable time.