70849. BRANNON v. THE STATE.
(335 SE2d 163)

McMURRAY, Presiding Judge.

Appellant Brannon was indicted for robbery and also for criminal damage to property in the second degree. Named as co-defendants in the indictment were Bridgette Stinson and Paul Cooper. Appellant was represented by appointed counsel and after plea bargaining, appellant and his counsel signed a guilty plea as to each offense. The assistant district attorney recommended, and the court accepted such recommendation and imposed concurrent three-year sentences for each offense on November 30, 1984. On March 5, 1985, the trial court overruled appellant's motion for new trial and he appeals. *Held*:

1. Appellant contends the court erred by entertaining "mass" guilty pleas thereby making it "impossible for appellant to knowingly and intelligently waive his constitutional rights." A review of the record demonstrates that appellant appeared in court simultaneously with two other defendants, Bobby Abbott and Tommy Brooks. Each defendant appearing in court at that time was charged in separate indictments with having committed different offenses. Appellant's counsel represented all three of the defendants. Each defendant appeared in court for the purpose of entering a guilty plea.

Contrary to appellant's contention, the record does not demonstrate that he did not understand the charges against him or that he was confused about his rights because the court entertained "mass"

guilty pleas. The proceedings in the case sub judice were small (there being only three defendants) and manageable. Moreover, they were clear, orderly and tailored to each defendant. See *Thomas v. State*, 163 Ga. App. 550, 551 (1) (295 SE2d 234); *Harris v. State*, 167 Ga. App. 153 (1) (306 SE2d 79).

2. Nor can it be said that no inquiry was made concerning the factual basis of appellant's guilty plea. At the hearing, the assistant district attorney informed the court about appellant's involvement in the crimes with which he was charged. The assistant district attorney stated: "This is the third individual in that taxicab assault. He again was involved but the same category as Mr. Cooper. Ms. Stinson did most of the physical violence toward the driver, and these two [appellant and Cooper] were on the periphery." When asked by the court if the facts stated by the assistant district attorney were correct, appellant replied that they were. We find no error here.

A reading of the assistant district attorney's recitation of the facts of the case and the court's response makes it apparent that the court was already familiar with the factual basis of the plea. "Inasmuch as the establishment on the record of the factual basis of the guilty pleas is not required in this state (see *Ford v. State*, 248 Ga. 241 (2) (282 SE2d 308)), and we have held that the trial court need not *state* that it is satisfied that a factual basis for the guilty plea exists, there was no error in accepting appellant's pleas of guilty." *Harris v. State*, 167 Ga. App. 153, 154 (3), supra.

3. Appellant's contention that his guilty plea was invalid because he was not informed of the elements of the offense charged is without merit. Looking at the "totality of the circumstances" it is clear that the "substance of the charge" was conveyed to appellant. *Wilson v. Reed*, 246 Ga. 743, 745 (1) (272 SE2d 699).

4. In sum, the record shows that appellant knew the charges against him, was informed of his rights, and voluntarily entered his guilty plea. After the court was satisfied concerning the factual basis of appellant's guilt, the plea was accepted by the court. We find no error here.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 16, 1985.

*Dennis R. Kruszewski, Drew Findling*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Assistant District Attorneys*, for appellee.