## A93A0339. HOLLAND v. THE STATE.
(434 SE2d 808)

COOPER, Judge.

Appellant entered guilty pleas to three counts of child molestation and one count of aggravated sodomy based on a series of episodes involving his eight-year-old stepdaughter. Prior to the acceptance of the pleas and the imposition of a sentence, appellant was fully advised of his rights pursuant to Uniform Superior Court Rule (USCR) 33.8, and appellant indicated that he read and signed the special presentment by which he was charged and understood the charges contained therein. The State detailed the factual basis for each of the offenses, including with respect to the aggravated sodomy

charge, the victim's statement that appellant got on top of her while in his underwear but she did not know whether he made a "liquid" and appellant's admission to "doing it with her doggie-style" but with his clothes on. Later in the hearing, the trial court needed a clarification of the various charges and asked specifically for the factual basis as to the aggravated sodomy charge, to which *defense* counsel replied: "There was a touching, yes, sir. One time she had her back to him and she said she felt something. He said he had his pants on. She thought he had his underwear on or was — did not have anything on. I believe that's what both of them had said. And whether or not there was actual contact or not Mr. Holland has been in a position where he's wanted to plead guilty to the charges. . . ."

Following the hearing, the court sentenced appellant to fifteen years on each of the four counts to run concurrently, with six years to serve on the child molestation counts and nine years to serve for aggravated sodomy. Shortly thereafter, appellant filed a motion to withdraw his guilty plea to aggravated sodomy on the grounds that he did not commit the offense of aggravated sodomy; that there was no evidence presented to the court that he committed an act of sodomy; that he would not be found guilty of aggravated sodomy at trial; that appellant's desire to avoid any conflict with the State in the presentation of his case resulted in his admission of guilt; that the guilty plea "creates a manifest injustice" unless the court permits its withdrawal; and that the plea was not intelligently and voluntarily entered. During the hearing on the motion to withdraw, responding to the court's inquiry, appellant admitted reading and signing the indictment but claimed that he only pled guilty because he was embarrassed because his family was present in court during the plea hearing and he "would have said anything to get out of this." The trial court denied the motion, and this appeal followed. Appellant asserts as his sole enumeration of error that the guilty plea to aggravated sodomy had no factual basis and creates a manifest injustice.

USCR 33.9 provides: "[n]otwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea." The record of the plea hearing contains the State's summary of the evidence which would have been presented at trial on all the offenses charged in the special presentment, and remarkably, this evidence was corroborated by defense counsel. Moreover, the transcript reveals that the court specifically asked defense counsel whether there was a legal and factual basis for his client's plea, and counsel replied affirmatively. " '([I]t is not) necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when there is evidence that the trial court is aware of the factual basis.'

[Cit.]" *Clark v. State*, 186 Ga. App. 106, 107 (2) (366 SE2d 361) (1988).

The dissent acknowledges that there was contact between defendant's penis and the victim's anus, albeit through clothing, but contends the factual basis presented did not establish sodomy because there was no skin-to-skin contact. However, there is no authority for that proposition.

In his appellate brief, appellant also argues that he did not fully understand the charge of aggravated sodomy at the time the plea was tendered and that his guilty plea to aggravated sodomy was not knowingly and voluntarily entered. Not only do these contentions improperly enlarge appellant's enumeration of error (*Chezem v. State*, 199 Ga. App. 869 (2) (406 SE2d 522) (1991)), but our review of the record indicates they are unfounded. Therefore, the trial court did not err in denying appellant's motion to withdraw his guilty plea.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews, Blackburn and Smith, JJ., fully and specially concur. Beasley, P. J., dissents. Johnson, J., not participating.*

McMURRAY, Presiding Judge, concurring fully and specially.

I agree with all that is written in the majority opinion, but wish to emphasize that skin-to-skin contact is not a necessary element of the crime of sodomy. As noted in the majority opinion, there is nothing in the sodomy statute or related case law suggesting that the prohibited conduct can only be committed by skin-to-skin contact. If the legislature had intended the words of the statute to have the meaning urged by the dissent, it could have easily said so.

The essence of the sodomy statute is to prohibit certain contact which may be perceived by the sense of feeling. It is a matter of common knowledge that the interposition of a layer of fabric will not prevent a person feeling the object thus concealed. Thus, the statutory purpose would be frustrated were someone able to avoid the prohibition of the statute by the interposition of such a gossamer barrier.

I am authorized to state that Chief Judge Pope, Presiding Judge Birdsong, Judge Andrews, Judge Blackburn, and Judge Smith join in this opinion.

BEASLEY, Presiding Judge, dissenting.

No citation of authority need be given for the principle that no person should be punished for an act which is not a crime, or which does not constitute the crime with which he is charged.

An act of sodomy occurs "when [a person] performs or submits to any sexual act involving the sex organs of one person and the mouth

or anus of another." OCGA § 16-6-2 (a).[1] What "involving" means is that there must be "some . . . actual contact" between the two body parts. It is contact short of penetration. *Carter v. State*, 122 Ga. App. 21, 23 (176 SE2d 238) (1970); *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986).

The indictment charged an act "involving [defendant's] sex organ and the anus of [the child]," the words of the Code. It did not mention "contact." The State recited that the evidence would show that the child described to a detective "an incident where [defendant] got on top of her while in his underwear." The State further recited that, referring to the same incident, defendant "described doing it with her doggie style, but that he had clothes on during that transaction, that he was not nude or in his underwear. She described an incident in which he was in his underwear doing this type of activity. He acknowledged an incident of that nature occurring but claimed that he was wearing clothing at the time."

After the court heard from both sides, it distinguished the count of aggravated sodomy from the three counts of child molestation and said, "I've not heard any factual basis as to the allegation of anal sex." Defense counsel assured the court that defendant was pleading guilty also to the aggravated sodomy charge because "[t]here was a touching, yes, sir. One time she had her back to him and she said she felt something. He said he had his pants on. She thought he had his underwear on or was — did not have anything on. I believe that's what both of them had said. And whether or not there was actual contact or not Mr. Holland has been in a position where he's wanted to plead guilty to the charges, but that's the actual — [the district attorney] showed me the video [of the child's statement] so that we would both know what she was going to say. . . . But I believe that's the gist of the evidence is she is not sure and Mr. Holland said that he had his pants on."

The factual basis presented does not show sodomy, that is, "actual contact" by defendant's penis with the child's anus, although it does show a touching through some clothing, either underwear or pants. Even if defendant is not permitted to say he was unaware of the words of the indictment because he signed it in open court, he would not know from the words that to constitute the crime, "involving" had to be an actual touching, skin-to-skin.[2] So his acknowledgment of guilt would simply be in conformity with the recitations of what the evidence would show.

---

[1] In this case defendant is charged with aggravated sodomy because the alleged act was against a child, so the force and against-will elements, which elevate sodomy into aggravated sodomy, were conclusively proved by her age.

[2] Whether the use of a condom could constitute a defense is not before us.

This is not a case where the factual basis is not spread on the record, which under *Ford v. State*, 248 Ga. 241, 242 (2) (282 SE2d 308) (1981), would not be reversible. Nor is it a case where the court did not make an inquiry on the record to satisfy itself that there was a factual basis, as urged by USCR 33.9.[3] It is rather a case where the factual basis is set out and shows the absence of the crime. The factual basis was insufficient to establish that for which defendant was sentenced to serve, in effect, three years more than was imposed for the molestations. To accept a plea under such circumstance is error under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Breland v. Smith*, 247 Ga. 690, 691-692 (2) (279 SE2d 204) (1981); *Watt v. State*, 204 Ga. App. 839, 840 (1) (420 SE2d 769) (1992).

The factual basis is crucial to the assurance of a valid plea, as demonstrated in *Golden v. State*, 190 Ga. App. 477, 478 (379 SE2d 230) (1989). There it was stated: "Although the trial court did not make a determination concerning the factual basis for appellant's plea, as urged by Rule 33.9 of the Uniform Rules for the Superior Courts, we have held that it is not necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when the transcript presents evidence that the trial court was aware of the factual basis. *Clark v. State*, 186 Ga. App. 106, 107-108 (2) (366 SE2d 361) (1988)." The court proceeded to examine the district attorney's summary of the evidence the State was prepared to present at trial, which showed the factual basis.

In *Clark*, too, although the trial court did not make a determination concerning the factual basis, this court reviewed the State's summary of evidence and assured itself that there was indeed one. We concluded: "Since the transcript contained a factual basis for appellant's plea, it was not necessary for the trial court to affirmatively state that a factual basis existed. There was no error in accepting appellant's plea. *Brannon v. State*, 176 Ga. App. 49 (2) (335 SE2d 163) (1985)." Id. at 108.

The same is true of *Scurry v. State*, 194 Ga. App. 165 (390 SE2d 255) (1990), where the court stated: "At the outset we note that the trial judge did not state on the record that he was satisfied that a factual basis existed for appellant's plea of guilty. However, such an

---

[3] We have "strongly urged" that trial judges follow the imploring of USCR 33.9. See, e.g., *Scurry v. State*, 194 Ga. App. 165, 167 (390 SE2d 255) (1990). It may be time to require that the factual basis appear on the record, just as the record must affirmatively show that defendant's plea was intelligent and voluntary. *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). How can a defendant have "a full understanding of what the plea connotes and of its consequence," *Boykin*, supra at 244, if he or she does not understand what the elements of the crime are and that the expected evidence establishes them?

express finding is unnecessary as the record establishes that the trial judge was aware of the factual basis, because of the prosecutor's summarization of the operative facts on the record."

In *Goodman v. Davis*, 249 Ga. 11, 16 (2) (287 SE2d 26) (1982), the trial court and this court were assured of the factual basis for the plea, that the evidence that would be presented at trial would show the elements of the crime to which the defendant was entering a plea of guilty. In *Goodman*, the facts constituted the offense and the defendant merely misunderstood its elements, so the plea was deemed valid.

In this case, the transcript affirmatively shows that there is *not* a factual basis showing aggravated sodomy. Compare *McGuire v. State*, 209 Ga. App. 813 (434 SE2d 802) (1993), where the facts were held to constitute aggravated child molestation.

The plea cannot stand. It was error to reject defendant's motion to withdraw his plea of guilty to the charge of aggravated sodomy.

DECIDED JULY 16, 1993.

*Winn, Price & Winn, Frank C. Winn*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.