IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2001

## JESSE JAMEEL DAWAN, AKA JESSIE JONES, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Haywood County**
**No. 2868      L.T. Lafferty, Judge**

---

**No. W2001-00792-CCA-R3-CD - Filed March 11, 2002**

---

The petitioner, Jesse Jameel Dawan, appeals the denial of his petition for post-conviction relief. In this appeal, he claims that he was denied the effective assistance of counsel. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

James Seymour Haywood, Brownsville, Tennessee, for the appellant, Jesse Jameel Dawan.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Guy Townsend, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The petitioner was convicted of robbery, aggravated assault, and two counts of aggravated burglary. The trial court imposed a Range II, effective sentence of 20 years. This court affirmed the convictions on direct appeal. State v. Jessie Jones, Jr., a.k.a. Jesse Jones, No. 02C01-9512-CC-00382 (Tenn. Crim. App., at Jackson, Jan. 28, 1997). Several months later, the petitioner filed a petition for post-conviction relief alleging (1) that he was denied the effective assistance of counsel; (2) that newly discovered evidence established that his blood type was A+ rather than A, as contended by the state at trial; (3) that illegal evidence had been used to obtain his conviction; (4) that the state failed to provide a sufficient chain of custody before his clothes were admitted at trial; and (5) that evidence was acquired and handled illegally by a witness for the state. The post-conviction court originally dismissed the petition. In an appeal from that decision, this court determined that the petitioner had presented a colorable claim on grounds of ineffective assistance of counsel and remanded for an evidentiary hearing on the issue. Jesse Jameel Dawan, a.k.a. Jessie Jones v. State, No. 02C01-9709-CC-00370 (Tenn. Crim. App., at Jackson, March 30, 1999).

At the evidentiary hearing, the petitioner's trial counsel testified that when she informed the petitioner that she knew the victims in the case, he asked her to withdraw as counsel. At the preliminary hearing in the Haywood County General Sessions Court, she reported her familiarity with the victims and moved to withdraw. When, upon questioning by the court, trial counsel testified that her acquaintance with the victims would not prevent her from representing the petitioner effectively, the motion was denied.

Later, at the urging of the petitioner, trial counsel asked permission of the trial court to withdraw. She could not remember whether she had made the request on the record. In any event, the trial court denied the motion and ordered counsel to continue her representation.

Counsel explained that she knew William "Eagle" Lane, one of the victims, because he was a firefighter in her community. She was also aware that Natalie Harwell, another of the victims, was a teller at her bank. Counsel testified that she had attended some leadership classes with Mary Lou Lane, an owner of the property that the defendant had allegedly burglarized. Counsel stated that she would not classify any of the victims as friends and knew them only from her community interactions. She added that she did not attend church with any of the victims and had never seen them socially.

When called as a witness at the evidentiary hearing, Mary Lou Lane confirmed that she had attended some leadership classes with the petitioner's trial counsel. She explained that there were 20 to 25 people in the class and that she was not particularly familiar with the petitioner's trial counsel. William "Eagle" Lane testified that he knew counsel because of her position as a public defender but would not describe her as a friend. Natalie Harwell testified that she had done some minor banking business for counsel and had seen her in the grocery store on occasion. Roy Lane, William Lane's father and also an owner of the burglarized property, testified that his interaction with counsel was limited to the trial in this case.

At the conclusion of the hearing, the trial court ruled that the petitioner had failed to establish by clear and convincing evidence that his counsel had an actual conflict of interest. The trial court also found that the petitioner had received the effective assistance of counsel.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any

particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner contends that his trial counsel was ineffective because she had an actual conflict of interest. An actual conflict of interest is usually defined in the context of one attorney representing two or more parties with divergent interests. An actual conflict of interest occurs when "regard for one duty tends to lead to [the] disregard of another." State v. Reddick, 230 Neb. 218, 222, 430 N.W.2d 542, 545 (1988); see Gardner v. Nashville Housing Authority, 514 F.2d 38 (6th Cir. 1975). In Ford v. Ford, the court declared a conflict of interest when an "attorney was placed in a position of divided loyalties." 749 F.2d 681, 682 (11th Cir. 1985).

The right to counsel requires complete devotion to the interest of the defendant. State v. Knight, 770 S.W.2d 771 (Tenn. Crim. App. 1988). When counsel is unable to provide a "zealous representation . . . unfettered by conflicting interests," there has been a breach of the right to the effective assistance of counsel. State v. Thompson, 768 S.W.2d 239 (Tenn. 1989). In Cuyler v. Sullivan, the United States Supreme Court held that because there is a breach of loyalty in cases involving a conflict of interest, prejudice is presumed. 446 U.S. 335 (1980). Unless the petitioner can establish that his counsel "actively represented conflicting interests," he can not established the constitutional predicate for his claim. Id. at 350. To establish a claim based upon conflict of interests, the conflict must be actual and significant, not irrelevant or "merely hypothetical." Howard Clifton Kirby v. State, No. 03C01-9303-CR-00074 (Tenn. Crim. App., at Knoxville, Sept. 28, 1994).

Here, trial counsel was merely acquainted with the victims. The petitioner has failed to establish any relationship that would imply a loyalty on the part of trial counsel towards any of the victims. The trial court accredited the testimony of counsel, finding that no actual conflict of interest existed. The evidence does not preponderate against that finding.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-