[No. F045300. Fifth Dist. Oct. 4, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER BIERRA RIBERA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II, and IV.

**COUNSEL**

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stan Cross and Michael D. Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WISEMAN, J.**—Christopher Bierra Ribera appeals from the judgment entered following a jury trial that resulted in his conviction for one count of aggravated sexual assault upon a child and two counts of aggravated lewd conduct with a child. On appeal, defendant contends that (1) the trial court erred in granting the People's motion to amend the information to change the dates that the offenses allegedly occurred; (2) there was insufficient evidence to support the jury's findings that defendant sodomized and assaulted the victim through use of duress or fear; (3) there was insufficient evidence to

support defendant's conviction for aggravated sodomy because the penetration of the victim occurred through her underwear; and (4) the imposition of upper and consecutive terms violates *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531].

In the published portion of this opinion, we address whether anal penetration through clothing is sodomy in violation of Penal Code section 286. We conclude that where there is penetration into a victim's anus by a perpetrator's sexual organ, it is sodomy in violation of Penal Code section 286, even if the victim is wearing clothes at the time.

In the unpublished portion, we hold that the trial court did not abuse its discretion in granting the People's motion to amend the information and conclude that there was sufficient evidence to support the defendant's convictions for sodomy and lewd and lascivious conduct with a child under the age of 14. We further hold that defendant's sentence does not violate *Blakely*.

## *PROCEDURAL HISTORY*

On January 6, 2004, the Kings County District Attorney's Office filed an information alleging the following criminal counts: count one, aggravated sodomy on a child under the age of 14 and more than 10 years younger than defendant (Pen. Code, § 269, subd. (a)(3)); count two, aggravated lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (b)(1)); and count three, lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a)). The information alleged that the three charged offenses took place "[b]etween the 15th day of June, 2002, and the 6th day of July, 2002 . . . ." Defendant pled not guilty to these counts on January 7, 2004.

On March 2, 2004, a jury trial began. On that same day, the trial court permitted the filing of an amended information which made two changes to the original information. First, it changed count three to allege the offense of aggravated lewd conduct against a child under the age of 14. Second, it added language specifying the conduct alleged to have occurred in counts two and three.

On March 4, 2004, the trial court granted the People's motion to amend the information again to permit a change reflecting the dates that the offenses allegedly occurred as being between August 2002 and October 2002. Defendant made a motion for mistrial, which was denied. The court granted defendant's motion for a continuance and ordered the trial continued until March 8, 2004. That same day, defendant pled not guilty to the amended information.

Subsequently, a jury found defendant guilty on all three counts. Defendant was sentenced to prison for a term of 29 years to life, calculated as follows: 15 years to life on count one, a consecutive middle term of six years on count two, and a consecutive upper term of eight years on count three.

## *FACTUAL HISTORY*

This case involves a child, N.J., born in July 1992, whose mother was involved in an intimate relationship with defendant. During the course of this relationship, N.J. claims that defendant committed three sex offenses against her one night when defendant was babysitting her while her mother was working. According to N.J., defendant entered the room where she was sleeping. She awoke to find that defendant was not wearing any underwear and had placed his penis in her hand. N.J. pretended she was still asleep while defendant was in the room because she was afraid he would kill her if she said anything about what was happening. N.J. moved her hand away from defendant's penis, acting as though it had dropped away in her sleep. Defendant, however, moved N.J.'s hand back onto his penis. N.J. attempted to move her hand away several more times, but each time, defendant placed it back on his penis.

Defendant then pulled N.J. on top of him, and began moving her up and down against his penis, which rubbed N.J. through her underwear, near her private area. Defendant next rolled N.J. onto her side and "poked" his penis "really hard" into her "behind." Although she was wearing underwear, N.J. could feel defendant's penis and it hurt her. In fact, when N.J. went to the bathroom the next morning, she felt pain. N.J. continued to pretend she was sleeping while defendant rubbed against her. N.J. did not tell her mother about what happened because she was afraid her mother would not believe her.

N.J. testified that she saw defendant hit her brother with a belt "[a] lot." N.J. also testified that defendant hit her "a lot" with a belt on her "behind." Defendant's hitting her made N.J. feel afraid. N.J. stated that she also saw defendant hit her mother's head on the table and that defendant screamed at her mother. After seeing defendant abuse her mother, N.J. testified that she was afraid defendant was "going to hurt [her] the same way."

In January 2003, N.J. reported the assault after hearing a presentation by a woman who spoke at N.J.'s school regarding good and bad touching. At trial, defendant denied sexually assaulting N.J.

## *DISCUSSION*

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Sodomy conviction*

■ Defendant argues that "anal penetration through clothing is not sodomy but rather is a violation of Penal Code [section] 289, a crime that was not charged in this case." He contends that his conviction of sodomy was not supported by the evidence because N.J. testified she was wearing her underwear when defendant "poked" his penis into her behind. The People argue that Penal Code section 286 does not require skin-to-skin contact to sustain a sodomy conviction. We conclude that where a victim's anus is penetrated by a perpetrator's penis, it is sodomy in violation of Penal Code section 286, regardless of whether the victim is wearing clothes such as underwear.

■ Penal Code section 286 contains no express or implied requirement that there be skin-to-skin contact between the victim and the perpetrator in order to establish the offense of sodomy. The statute provides that "[s]odomy is sexual conduct consisting of contact between the penis of one person and the anus of another person. Any sexual penetration, however slight, is sufficient to complete the crime of sodomy." (Pen. Code, § 286, subd. (a).) As we read the statute, its applicability is not limited to situations where a perpetrator inserts his penis into a victim's bare anus.

Our interpretation is consistent with two out-of-state cases which hold that there is no requirement of skin-to-skin contact to establish the crime of sodomy. (*State v. Pearson* (1994) 514 N.W.2d 452 (*Pearson*); *Holland v. State* (1993) 209 Ga.App. 821 [434 S.E.2d 808] (*Holland*).) In *Pearson*, the Iowa Supreme Court held that there was no language in the statute limiting its scope only to skin-to-skin contact. The court held that "prohibited contact may occur even though the specified body parts or substitutes are covered."

---

* See footnote, *ante*, page 81.

(*Pearson, supra,* 514 N.W.2d at p. 455.) Along the same lines, in *Holland,* the Georgia Court of Appeals held that its state's sodomy law contained no requirement that the contact between the defendant's penis and the victim's anus be "skin-to-skin." It upheld the defendant's plea where the victim testified that the defendant was wearing his underwear when the contact occurred. (*Holland, supra,* 434 S.E.2d at pp. 808–809.)

■ We also disagree with defendant's argument that his conduct could only lead to a prosecution for sexual penetration by a foreign object pursuant to Penal Code section 289 because "it is the clothing, strictly speaking, that has contact with the victim's anus." Penal Code section 289 defines a foreign object as "any part of the body, *except a sexual organ.*" (Pen. Code, § 289, subd. (k)(2), italics added.) As a result, insertion of a penis into an anus does not violate section 289. Rather, this type of sexual assault constitutes the crime of sodomy prohibited by section 286, subdivision (a). It is immaterial whether there was any clothing or barrier between the anus and the penis at the time of the penetration. The key component here is that defendant used his penis to penetrate N.J.'s anus—not an "unknown" object as required by section 289.[2]

Finally, common sense dictates that it makes no difference whether a victim is clothed as long as penetration occurs. We believe that "the legislature did not intend 'that a piece of clothing as flimsy as a pair of shorts or even a girl's panties' would insulate a defendant from punishment for performing" sodomy on a child. (*Pearson, supra,* 514 N.W.2d at p. 455.)

We conclude that there was substantial evidence that defendant committed sodomy upon N.J. based on her testimony that she saw defendant's penis and felt it poke her covered behind. There is little question that penetration occurred as the child suffered pain the next day.

IV. *Sentencing issues under* Blakely v. Washington[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2] Where the type of object that penetrates the anus is unknown, such penetration would constitute the offense of penetration by an unknown object and not sodomy. (Pen. Code, § 289, subd. (k)(3).)

[*]See footnote, *ante,* page 81.

## *DISPOSITION*

The judgment is affirmed.

Vartabedian, Acting P. J., and Levy, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 4, 2006, S138600.